IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TONI BENNETT, as Special Administrator of the Estate of JAMES BENNETT, Deceased,

Plaintiff,

v.

NORTHLAKE ASSOCIATES LIMITED PARTNERSHIP, a Limited Partnership; REIT PROFIT SHARING TRUST; and THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY, a Corporation,

Defendants.

No. 04 C 8109

## MEMORANDUM OPINION AND ORDER

James Bennett ("Bennett") died on November 7, 2002 while operating a forklift at 300 W. North Ave. ("the property") in Northlake, Illinois. Thereafter, Toni Bennett ("plaintiff"), Bennett's wife and the special administrator of his estate, filed a wrongful death action in the Circuit Count of Cook County, Illinois against Northlake Associates Limited Partnership, REIT Profit Sharing Trust, and the Burlington Northern and Santa Fe Railway Company. The complaint was removed to federal court on December 15, 2004. Northlake Associates ("Northlake") has filed a motion for summary judgment on all claims against it.

1

The property has been leased for over thirty years to a succession of companies and has been used by the lessees as a commercial bakery. The lease was originally signed in February, 1970. At the time of Bennett's death, Northlake was the lessor of the property and George Weston Bakeries was the lessee.

According to the record, at the time of his death, Bennett was employed as a maintenance mechanic and was attempting to move the remnants of a conveyor belt from the freezer area of the bakery to an outside dumpster by forklift. In the process of transporting the remnants, the forklift tipped over and crushed Bennett.

Plaintiff's complaint alleges that each defendant:

(a) Improperly operated, managed, maintained and controlled the aforesaid premises, so that as a direct and proximate result thereof, the Plaintiff was injured.

(b) Allowed and permitted and [sic] unnatural amount of uneven and broken ground to accumulate on said property.

© Failed to properly and adequately provide lighting in said area.

(d) Failed to make a reasonable inspection of the aforesaid premises and said parking lot and adjacent ground, when the Defendants know, or should have known, that said inspection was necessary to prevent injury to Plaintiff.

(e) Failed to warn Plaintiff of the dangerous condition of said parking lot and adjacent ground, when the Defendants knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to Plaintiff.

2

I.

Summary judgment is appropriate where the record and affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Lexington Ins. Co. v. Rugg & Knopp*, Inc., 165 F.3d 1087, 1090 (7th Cir. 1999); FED. R. CIV. P. 56©. I must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Northlake argues that plaintiffs' claims against it, which are premised upon a failure to repair and maintain the property, fail as a matter of law because it had no duty to maintain and repair the property and it retained no control over the property. "The duty toward a third party arises out of possession and control, and can be attributed only to the persons who have possession and control." *Conway v. Epstein*, 49 Ill. App. 2d 290, 294 (Ill. App. Ct. 1964). Accordingly, when a lessor (landlord) who relinquishes control of property to a lessee (tenant), the landlord owes no duty to third parties and the lessee. *Lamkin v. Tower*, 138 Ill. 2d 510, 518 (Ill. 1990). When a lessor retains control over part of the premises, however, the lessor can be liable for injuries sustained on that part of the premises within his control. *See Id.*; *Drewick v. Interstate Terminals,* Inc., 42 Ill. 2d 345, 350 (Ill. 1969) ("It has long been the law of this State that a lessor (or landlord) is

liable for injuries which are sustained on premises, or portions thereof, retained in the lessor's control."). Additionally, "where the landlord contracts to keep the property under the tenant's control in repair," the landlord assumes a duty to maintain the property in a certain condition and "common law liability may arise from the negligent performance of this voluntary undertaking."[1] *Lamkin*, 1381 Ill. 2d at 519.

Accordingly, I must determine if Northlake retained control over any relevant part of the property and whether Northlake contracted to maintain and repair the property. The property's lease does not leave Northlake in control over any part of the property and clearly makes the lessee responsible for maintenance and repair. In section 7(b), the lease states:

> Except as may be otherwise expressly provided in the Lease, Lessee, at its expense, shall maintain the Leased property in good condition and repair, reasonable wear and tear excepted, and shall make all structural, unforseen and extraordinary changes and repairs (as well as non-structural, foreseen and ordinary changes and repairs) that may be required to be made in the Leased Property during the term of this Lease, hereby expressly waiving the right to make repairs at the expense of

---

[1] Other exceptions to the general rule also exist. A lessor may also have a duty if: 1) a latent defect existed at the time of leasing that the lessor should have known about; 2) the lessor fraudulently concealed a dangerous condition; 3) the defect causing the harm amounts to a nuisance; or 4) the lessor violates a statutory requirement of which a tenant is in the class designed to be protected by such requirement. *Yacoub v. Chicago Park Dist.*, 248 Ill. App. 3d 958, 960 (Ill. App. Ct. 1993). Plaintiff does not, however, argue that any of these other exceptions apply.

> Lessor as provided in any statute or law which may be hereafter passed during the term of this Lease. . . . Lessor shall not be required to rebuild any improvements on the Leased Property or make any repairs, replacements or renewals of any nature or description to the Leased Property or any structure or improvement thereon, whether ordinary or extraordinary, structural or non-structural, foreseen or unforeseen, or to make any expenditure whatsoever in connection with this Lease or to maintain the Leased property in any way.

In an attempt to establish control and a duty to repair on the part of Northlake, plaintiff cites a section of the lease which reserves for Northlake the right to enter and repair the premises in the case that the lessee fails to do so. Section 7© states:

> Lessor shall have the right, upon 10 days' prior notice to Lessee, to enter upon the Leased Property for the purpose of making any repairs thereto and performing any maintenance work thereon which may be necessary by reason of Lessee's failure to make any such repairs or perform any such maintenance work as provided in this Section 7. . . .

Illinois law is clear, however, that such a reservation does not impose a duty to repair upon, or demonstrate control by, the lessor. *See Bielarczyk v. Happy Press Lounge, Inc.*, 91 Ill. App. 3d 577, 579-80 (Ill. App. Ct. 1980); *Carson v. Weston Hotel Group*, 351 Ill. App. 523, 531 (Ill. App. Ct. 1953) ("The reservation [of the right to inspect and repair] in the lease gave [lessor] no control over the elevators, and the rule is that he is not, under those circumstances, liable for injury due to its defective and unsafe condition not in existence when the lease was made."). Furthermore, plaintiff has pointed to no evidence that suggests

5

that, despite the language of the lease, Northlake did in fact retain control over any part of the premises or did in fact maintain and repair the premises.[2]

The cases relied upon by plaintiff are inapposite. In *Drewick*, the terms of the lease indicated that the lessee had contracted to keep the property in good order in repair. *Drewick*, 42 Ill. 2d at 349. The lessee introduced evidence, however, that the lessor had retained an office on the leased property and had entered into an agreement to sublease back part of the property from lessee. *Id.* at 351. The court therefore held that it was proper for the trial court to have submitted the case to the jury because there existed a material issue of fact as to whether the lessor was in control of the relevant part of the property. *Id.* ("The unexplained retention by the lessor of the use and occupancy of portions of the building, and the existence of a sublease of some undefined portion of the building, raise factual questions . . . ."). Unlike *Drewick*, plaintiff has failed to bring forth any evidence that Northlake retained control over any part of the

---

[2] Plaintiff also cites language from the Northlake Partnership Agreement that states the general partner generally has the right to manage and repair properties owned by the partnership. Plaintiff, however, cites no authority and presents the court with no argument articulating how this language, which is found in an agreement covering the Northlake partners, could possibly affect the lessor-lessee relationship of the property, which is undisputedly governed by the property's lease.

6

property or that the terms of the lease do not accurately characterize the lessor-lessee relationship.

In *Betts v. Crawshaw,* the court held only that the lessee's allegation that the lessor maintained control was sufficient to allege that defendant controlled the property.[3] 248 Ill. App. 3d 735, 740 (Ill. App. Ct. 1993) ("The allegation that defendant reserved the sole right to maintain the clothesline pole sufficiently alleged the requisite degree of control necessary."). Similarly, in *Looger v. Reynolds,* the court held only that the lessee's allegation that the lessor had contracted by covenant to repair a defective porch was sufficient to allege that the lessor owed a duty to a third party.[4] 25 Ill. App. 3d 1042, 1044 (Ill. App. Ct. 1975). In this case, plaintiffs' unsupported allegations regarding Northlake's control and duty to repair are insufficient to survive summary judgment.

---

[3] Plaintiff's assertion that, in *Betts*, "the Illinois Appellate Court held that defendant lessor/landlord of a property was liable for the injuries sustained by plaintiff tenant when a faulty clothesline fell and struck her in the head upon the property" grossly mischaracterizes the court's holding.

[4] Plaintiff's assertion that, in *Looger*, "defendant landlord was held liable for injuries sustained by plaintiff, injured guest of a landlord's property" grossly mischaracterizes the court's holding.

Plaintiff has failed to cite to any evidence from which a reasonable fact-finder could conclude that Northlake owed a duty to Bennett. Therefore, Northlake is entitled to judgment as a matter of law. Northlake's motion for summary judgment is granted.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

DATED: August 9, 2006